## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) AQUA VIE BEVERAGE CORPORATION,) THOMAS J. GILLESPIE, and JOSEPH J. ) WOZNIAK, ) ) Defendants. ) _____) | Case No. CV 04-414-S-EJL  **ORDER** |

Currently pending before the Court is Plaintiff's Motion to Compel Discovery and Continue Deposition of Joseph Wozniak (Docket No. 46). In the interest of avoiding delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve this motion without a hearing. Therefore, having carefully reviewed the record, the Court enters the following order.

## I.

## BACKGROUND

In 2004, the Securities and Exchange Commission ("Plaintiff") filed an action against Aqua Vie Beverage Corporation ("Aqua Vie"); Thomas J. Gillespie, Aqua Vie's Chief Executive Officer ("Gillespie"); and Joseph J. Wozniak, one of Aqua Vie's former officers ("Wozniak") (collectively, "Defendants"), alleging violations of Sections 5 and

**ORDER -1-**

17 of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5.  *Certified Copy of Transfer Order* (Docket No. 1); *Plaintiff's Memorandum in Support of Motion to Compel*, p. 7 (Docket No. 46, Att. 2).  Plaintiff argues that the Defendants "fraudulently pumped up the price of Aqua Vie stock by distributing millions of faxed tout sheets that offered revenue projections and target stock prices for Aqua Vie that were well beyond what they knew the company could reasonably hope to achieve."  *Plaintiff's Memorandum in Support of Motion to Compel*, p. 2 (Docket No. 46, Att. 2).  Further, Plaintiff asserts that "Defendants and Wozniak participated in a scheme to distribute unregistered common stock to the public by, among other things, issuing preferred shares to persons under the control of Defendants who then converted the shares to common stock, sold it, and returned the proceeds to Aqua Vie."  *Id*.

On October 25, 2004, the Court entered final judgment against Wozniak on his consent.  *Final Judgment as to Defendant Joseph J. Wozniak* (Docket No. 7).

## II.

## MOTION TO COMPEL DISCOVERY AND CONTINUE DEPOSITION

On June 21, 2006, Plaintiff filed its Motion to Compel Discovery and Continue Deposition of Joseph Wozniak (Docket No. 46), seeking an order (1) compelling Defendants Aqua Vie and Gillespie to "cure their deficiencies and produce documents forthwith in response to the Commission's document requests . . . and (2) compelling Joseph J. Wozniak to appear for the continuation and conclusion of his deposition at the Commission's offices in New York City."

A.     **Motion to Compel Discovery Responses**

On April 13, 2005, Plaintiff served Aqua Vie and Gillespie with its First Request for the Production of Documents.  *Primoff Declaration*, ¶ 2 (Docket No. 46, Att. 1).  On March 26, 2005, Aqua Vie and Gillespie responded, stating that they "object to such requests because they are; unduly burdensome; as result of time frames exceeding 12 years while the case covers a period from October 2002 to May 2003, as to the broad scope of the subject matter, are unreasonable, and are not relevant to the issues in this case."  *Mar. 26, 2005, Letter from Gillespie & Aqua Vie to R. Izower*, *Exhibit B to Gillespie Affidavit*, p. 12 (Docket No. 52).  On June 6, 2005, Gillespie further responded but continued to object to all but one of the thirty-seven production requests.  *See June 6, 2005, Letter from Gillespie to R. Izower*, *Exhibit B to Gillespie Affidavit*, pp. 13–17 (Docket No. 52).  In bringing this motion, Plaintiff argues that, despite numerous requests for production of the documents and Defendants' promises for such production the response to the requests has been "woefully inadequate."  *Primoff Declaration*, ¶¶ 3–6 (Docket No. 46, Att. 1).

   1.     **Legal Standard**

Federal Rule of Civil Procedure 26 provides, in general, that

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not

>be admissible at the trial if the discovery appears reasonably
>calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Further, the definition of relevancy, for purpose of discovery, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

If a party fails to make a disclosure required by Federal Rule of Civil Procedure 26(a), "any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A). In this case, Plaintiff has made the requisite good faith effort to resolve this discovery dispute without the Court's involvement. *See Primoff Declaration*, ¶¶ 2–6 (Docket No. 46, Att. 1); *see also Exhibits B–G to Primoff Declaration* (Docket No. 46, Atts. 4–9).

**2.** **Discussion**

In the communications cited by Plaintiff, Aqua Vie and Gillespie make numerous statements indicating that, though they originally objected to the document requests, they would provide supplemental responses thereto. *E.g.*, *May 23, 2006, E-mail from J. Hinton to R. Primoff*, *Exhibit E to Primoff Declaration*, p. 3 (Docket No. 46, Att. 7) ("I will be happy to supplement the prior discovery responses . . . ."); *June 3, 2006, E-mail from J. Hinton to R. Primoff*, *Exhibit G to Primoff Declaration*, p. 7 (Docket No. 46, Att. 9) ("I spoke with Mr. Gillespie. He is still out of town, but is reviewing the information

the SEC provided suggesting that his prior discovery responses need further supplementation.  He plans on providing information to me upon his return, so that a supplemental discovery response can be made."); *June 16, 2006, E-mail from J. Hinton to R. Primoff*, *Exhibit G to Primoff Declaration*, p. 9 (Docket No. 46, Att. 9) ("Mr. Gillespie should be sending me some notes today so that we can supplement the discovery response.").

Despite their communications and representations indicating supplemental responses would be provided, Defendants oppose the instant motion to compel, arguing (1) that the disclosures and communications cited by Plaintiff were communications made pursuant to a settlement conference, and as such, pursuant to District of Idaho Local Civil Rule 16.4, they may not be considered in regard to the motion to compel and (2) that "the undersigned Counsel was not representing the defendants at the time the discovery productions were made.  Therefore, an offer was made to cure any deficiency in the document productions.  However, it does not appear that there is a deficiency in the document productions." *Aqua Vie & Gillespie's Response to Motion to Compel*, p. 3 (Docket No. 52).

### a. Settlement Conference Communications

In opposing the motion to compel, Defendants rely on District of Idaho Local Civil Rule 16.4(c)(6), which states that "[n]o oral statement, written document, or other material considered during the settlement procedure may be used against any party in litigation."  Defendants argue that the communications cited by Plaintiff in support of its

**ORDER -5-**

contention that Defendants have promised supplemental responses were communications considered during a settlement procedure and, therefore, may not be used against them in regard to the motion to compel. *Aqua Vie & Gillespie's Response to Motion to Compel*, p. 3 (Docket No. 52).

According to the record, the parties and their counsel met with Magistrate Judge Williams in August 2005 "to initiate a settlement mediation." *Primoff Declaration*, ¶ 4 (Docket No. 46, Att. 1). The settlement conference concluded, unsuccessfully, prior to May 23, 2006, the date of the first communication considered by the Court in regard to the motion to compel. *See id*. at ¶ 5; *May 23, 2006, E-mail from J. Hinton to R. Primoff*, *Exhibit E to Primoff Declaration*, p. 3 (Docket No. 46, Att. 7). More particularly, the communications the Court considered in regard to the motion to compel were e-mails sent between May 23, 2006, and June 16, 2006. *See Exhibit E to Primoff Declaration*, pp. 3–9 (Docket No. 46, Att. 7). Accordingly, they were communications created after the conclusion of the settlement conference. As such, they could not possibly constitute "material considered *during* the settlement procedure," as would be required for District of Idaho Local Rule 16.4(c)(6) to bar their consideration in regard to this motion. Thus, District of Idaho Local Civil Rule 16.4(c)(6) does not preclude Plaintiff or the Court from relying on such communications in regard to the instant motion to compel.

      **b.**  <u>**Adequacy of Initial Responses to Discovery Requests**</u>

Defendants' only substantive opposition to the motion to compel is their assertion that their original responses were fully adequate. *See Aqua Vie & Gillespie's Response to*

*Motion to Compel*, p. 3 (Docket No. 52).  Despite Defendants' opposition to the motion to compel, considering (1) Defendants' communications indicating supplemental responses would be provided, (2) the lack of any argument in support of the originally-asserted objections, and (3) that the documents requested appear to be highly relevant to the issues in this action, the supplemental responses impliedly promised are called for.  Accordingly, Plaintiff's motion to compel responses to the document requests is granted.

**B.** **Motion to Compel Continued Deposition**

On March 9, 2005, Plaintiff examined Wozniak pursuant to subpoena.  *Primoff Declaration*, ¶ 7 (Docket No. 46, Att. 1).  According to Plaintiff, at or around 2:45 p.m. on the day of the deposition, "Wozniak's counsel produced a set of documents that had been requested, but not previously produced, as required pursuant to subpoena."  *Id.*; *Excerpts from Wozniak Deposition*, *Exhibit H to Primoff Declaration*, p. 8 (Docket No. 46, Att. 10).  Plaintiff claims that it did not have the opportunity to examine these documents in order to properly and fully examine Wozniak during his initial deposition.  *Primoff Declaration*, ¶ 7 (Docket No. 46, Att. 1).  Accordingly, Plaintiff requests an order compelling Wozniak to make himself available for a continued deposition.  *Plaintiff's Motion to Compel*, p. 2 (Docket No. 46).

Pursuant to Federal Rule of Civil Procedure 30(d)(2), "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours."  However, a court "must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another

**ORDER -7-**

person, or other circumstance, impedes or delays the examination." Fed. R. Civ. P. 30(d)(2). The comments to Rule 30(d) state that examples of instances in which an extended deposition would be called for include "instances where documents were requested but not produced prior to the deposition."

The Defendants oppose the motion for a continued deposition. *See Aqua Vie & Gillespie's Response to Motion to Compel*, p. 2 (Docket No. 52); *Birkholz Declaration* (Docket No. 54). Defendants Aqua Vie and Gillespie oppose the motion on the grounds that the continued deposition will cause "expense and inconvenience" not only to Wozniak, but also to Aqua Vie and Gillespie. *Aqua Vie & Gillespie's Response to Motion to Compel*, p. 2 (Docket No. 52). In reply, Plaintiff notes that "defendants' counsel has been attending depositions in this case in various locations throughout the country by telephone, primarily to minimize expenses" and that Plaintiff "has no objection to a similar arrangement for the continuation of Mr. Wozniak's deposition in order to minimize any additional expense to Defendants." *Primoff Reply Declaration*, ¶ 12 (Docket No. 53). Thus, Aqua Vie and Gillespie's concerns regarding the continued deposition of Wozniak have been quieted.

According to the late-filed declaration of Wozniak's counsel, Frank W. Birkholz ("Birkholz"), Wozniak, the subject of the requested continued deposition, also opposes the motion for a continued deposition. *Birkholz Declaration* (Docket No. 54). In essence, Wozniak objects to a continued deposition because it would be rather expensive for he and Birkholz to attend, particularly due to the fees and costs Birkholz predicts he

**ORDER -8-**

will charge Wozniak.  *See id*. at ¶¶ 5–7 (explaining that, at Birkholz's rate of $350 an hour, he expects it will cost Wozniak approximately $8,500 if such deposition is conducted in Seattle ($7,000 in attorney's fees plus $1,500 in expenses) and $15,600 if such deposition is conducted in New York ($12,600 in attorney's fees plus $3,000 in expenses)).

Interestingly, while speculating as to how much he expects to charge his "client," Birkholz reports that he represents Wozniak, *Birkholz Declaration*, ¶ 2 (Docket No. 54); however, the Court record shows that Wozniak appears *pro se*.  Thus, it is not clear why Birkholz asserts that his presence for Wozniak's continued deposition or expenses to Wozniak would be necessary or even appropriate considering the *pro se* status, if, in fact, Wozniak is appearing *pro se*.  Hence, considering (1) the request for a continued deposition was precipitated by Wozniak's failure to produce the requested documents prior to the commencement of the deposition, (2) the lack of any showing that a continued deposition will require the personal appearance of Birkholz, particularly when Wozniak appears *pro se* and is presumably capable of hiring more affordable counsel for the deposition if he so wished, and (3) the relevance and importance of completing the deposition of Wozniak, an important player in the transactions at issue, the Court finds, and thus concludes, that additional time is needed for a fair examination of Wozniak.  Thus, Plaintiff's motion to compel the continued deposition of Wozniak is granted, and Plaintiff may continue Wozniak's deposition for one additional day.

## III.

## ORDER

In accordance with the foregoing reasoning, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery and Continue Deposition of Joseph Wozniak (Docket No. 46) is GRANTED.  Accordingly,

1. Defendants Aqua Vie Beverage Corporation and Thomas J. Gillespie shall fully and adequately respond to Plaintiff's request for documents.

2. Joseph J. Wozniak shall appear for the continuation and conclusion of his deposition at a time and place agreed to by the parties.  The continued deposition shall not exceed one day of seven hours.



DATED:  **August 23, 2006**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER -10-**